**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCIO FLORES-ORDONEZ, | No. 18-73414 |
| Petitioner, | Agency No. A206-725-704 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]
San Francisco, California

Before: WATFORD and SANCHEZ, Circuit Judges, and BENITEZ,[***] District Judge.

Rocio Flores-Ordonez, a native and citizen of Honduras, petitions for review

of an order of the Board of Immigration Appeals (BIA) dismissing her appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

from the decision of an Immigration Judge (IJ) denying her application for asylum. Before the IJ and the BIA, Flores-Ordonez proposed three particular social groups (PSGs): (1) "Honduran single female economic heads of household"; (2) "Honduran women"; and (3) "Hondurans who refuse to comply with extortion demands." We deny the petition for review as to the first two PSGs. We remand for the BIA to consider whether Flores-Ordonez has established a well-founded fear of future persecution on account of her membership in the third PSG.

**1.** The record does not compel the conclusion that MS-13 gang members targeted Flores-Ordonez or would target her in the future on account of her status as a Honduran female head of household or a Honduran woman. *See Gu v. Gonzales*, 454 F.3d 1014, 1018–19 (9th Cir. 2006). While gang members extorted Flores-Ordonez at the mall, they also extorted her co-workers and others who worked there. They did not limit their extortion efforts to members of these two PSGs, taking aim instead at a broad group of people of various backgrounds.

In addition, the record does not compel the conclusion that the individual MS-13 member who threatened Flores-Ordonez did so because of her membership in these two PSGs. His actions appear to have been motivated by anger at Flores-Ordonez for spurning his romantic advances rather than on account of her identity. Based on the evidence in the record, a reasonable factfinder could conclude that he threatened her for personal reasons separate from her membership in these PSGs.

*See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *abrogated on other grounds*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

**2.**  The BIA determined that Flores-Ordonez's third proposed PSG of "Hondurans who refuse to comply with extortion demands" was not cognizable on the ground that "it is characterized entirely by the harm asserted in the respondent's asylum application."  In so doing, the BIA did not properly make "a case-by-case determination as to whether th[is] group is recognized by" Honduran society.  *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014).

In her opening brief and before the BIA, Flores-Ordonez argued that Hondurans who resist or defy gang extortion demands constitute a recognizable group in Honduran society whose members are singled out for violent retaliation. The BIA overlooked these arguments, and its rationale for denying this PSG is accordingly deficient.  While the BIA could conclude on remand that this proposed PSG is not sufficiently recognized by Honduran society to render it cognizable, the BIA must make a determination in the first instance in light of Flores-Ordonez's contentions.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; CASE REMANDED.**

The parties shall bear their own costs.